**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent, | : | Criminal No. PJM-98-0520 |
| | : | |
| v. | : | Peter J. Messitte, U.S.D.J. |
| | : | |
| DUSTIN JOHN HIGGS, | : | Greenbelt Division |
| | : | |
| Petitioner. | : | |
| | : | |
| | : | |

_____:

**APPLICATION FOR CERTIFICATE OF APPEALABILITY**
**PURSUANT TO RULE 11, *RULES ON MOTION ATTACKING SENTENCE***
***UNDER SECTION 2255***
**AND**
***FEDERAL RULE OF APPELLATE PROCEDURE 22***

Petitioner Dustin John Higgs respectfully requests that the Court issue a Certificate of Appealability (COA), pursuant to 28 U.S.C. § 2253(c) allowing Petitioner to appeal to the Court of Appeals for the Fourth Circuit.[1]

**I.    THIS COURT MUST RULE ON, AND SHOULD ISSUE, A CERTIFICATE OF APPEALABILITY.**

Rule 11 of the *Rules On Motion Attacking Sentence Under Section 2255* requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  This Court's April 7, 2010 final order is silent on the question of whether a certificate of appealability (COA) should issue.

Petitioner respectfully submits that each of the claims and procedural arguments he has made

_____

[1]Mr. Higgs is concurrently filing a *Motion to Alter or Amend the Judgment Pursuant to Rule 59(e)* with regard to this Court's April 7, 2010 order and opinion denying his Section 2255 Motion.

1

qualifies for a COA under the standards described below. Petitioner wishes to present his issues and arguments on appeal, and to have them resolved by the appellate court. Accordingly, this Court must rule on COA, and Petitioner respectfully submits that he is entitled to a COA on each substantive and procedural issue raised by him.

## II.    LEGAL STANDARD.

Petitioner has set forth the grounds and authority for his claims in his *Motion for Relief Pursuant to 28 U.S.C. §2255 or in the Alternative Pursuant to 28 U.S.C. §2241*, and in his *Brief in Support of Motion for Relief Pursuant to 28 U.S.C. §2255 or in the Alternative Pursuant to 28 U.S.C. §2241*. Further support for these claims is included in *Petitioner's Memorandum in Reply to the Government's Motion to Strike and Response to Motion for Relief*.

These filings demonstrate that Petitioner should receive a COA on each of the claims and procedural issues he has set forth. Petitioner's case should be allowed to proceed further in this, his first and only habeas action. The fact that this is a capital case also weighs in Petitioner's favor on the question of whether a COA should be permitted.

This Court's extensive opinion denying relief highlights the fact that Petitioner has raised non-frivolous, substantial claims and arguments as to which Petitioner should be permitted a COA. As the claims and procedural arguments were described in detail by Petitioner in his previous Motion, Brief and Reply, as well as in his Rule 59 Motion to Alter or Amend filed concurrently this date, Petitioner incorporates these discussions.

28 U.S.C §2253 provides the standard for issuing a COA. It states, in relevant part:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in

2

which the proceeding is held.

\* \* \*

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

\* \* \*

(B)    the final order in a proceeding under § 2255.

(c)(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of the constitutional right.

(c)(3) The certificate of appealability under the paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under the "substantial showing of the denial of a constitutional right" standard of 28 U.S.C. §2253(c)(2), a petitioner need only "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (internal citations and quotation marks omitted).

*Barefoot's* standard was reaffirmed in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) and in *Miller-El v. Cockrell,* 537 U.S. 322 (2003). *Miller-El*, reaffirmed that a COA should be allowed when the Petitioner's case is "debatable," or the issues could be "resolved in a different manner," or when the case "deserve[s] encouragement to proceed further." See id. at 336.

*Miller-El* also indicated that "a COA does not require a showing that the appeal will succeed.":

The holding in *Slack* would mean very little if appellate review were denied because

3

the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief.  After all, when a COA is sought, the whole premise is that the prisoner has already failed in that endeavor.

* * *

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, at 336-38 (internal quotation marks and citations omitted).

In capital cases, "the nature of the penalty is a proper consideration in determining whether to issue a certificate of appealability."  *Barefoot*, 463 U.S. at 893.  Because this case involves the death penalty, "any doubts as to whether a certificate of appealability should issue must be resolved in [Mr. Higgs'] favor."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004), citing *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

## III.  CONCLUSION

Petitioner requests that this Court issue a COA on the claims for relief and procedural questions presented by this case.  A proposed order accompanies this request.[2]

---

[2]The Court previously found Petitioner indigent and Petitioner therefore includes in his proposed order an indication that the appeal should be in forma pauperis.

Respectfully Submitted,

/s/ Angela Elleman

Angela Elleman
Supervising Assistant Federal Defender
Michael Wiseman
Chief, Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520
Angela_Elleman@fd.org
Michael_Wiseman@fd.org
Signing for All Counsel


Dated: Philadelphia, PA
          May 4, 2010

5

**Certificate of Service**

I, Angela Elleman, hereby certify that on this 4th day of May, 2010 I served a copy of the foregoing upon the following persons in the manner indicated:

Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249
By United States Mail, First Class and
By Electronic Mail via ECF


/s/ Angela Elleman
_____

Angela Elleman