### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      :

                                **CIVIL ACTION NO. PJM 05-3180**

     **v.**                       :         **CRIMINAL NO. PJM 98-0520**

**DUSTIN JOHN HIGGS**           :

                       **...oOo...**

### GOVERNMENT'S RESPONSE TO PETITIONER'S REQUEST
### FOR A CERTIFICATE OF APPEALABILITY

Comes now the United States of America, by and through undersigned counsel, and in opposition to the Petitioner, Dustin John Higgs' Application for a Certificate of Appealability, states as follows:

### I.    PROCEDURAL HISTORY

A federal grand jury for the District of Maryland indicted Dustin John Higgs and co-defendant, Willis Mark Haynes in connection with the murders o f Tanji Jackson, Tamika Black, and Mishann Chinn.  Prior to trial, the United States Attorney for the District of Maryland filed a Notice of Intent to Seek the Death Penalty.  At trial, a jury convicted Higgs of three counts of first-degree premeditated murder (18 U.S.C. § 1111(a)), three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, three counts of kidnapping resulting in death (18 U.S.C.A. § 1201(a)(2)), and three counts of using a firearm "during and in relation to [a] crime of violence"  (18 U.S.C. § 924(c)).  Following a bifurcated penalty phase hearing, the same jury recommended, and this Court imposed, nine death sentences under the Federal Death Penalty Act,18 U.S.C. §§ 3591 to 3598, plus a consecutive 45-year prison sentence.

Higgs appealed his convictions and death sentences to the United States Court of Appeals for the Fourth Circuit, raising 20 claims of error.   In a published opinion, the Fourth Circuit affirmed the conviction and sentence in full.  *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003).

On November 29, 2004, the Supreme Court of the United States subsequently denied *Higgs's* petition for writ of certiorari. *Higgs v. United States*, ___ U.S. ___, 125 S. Ct. 627, 160 L. Ed. 2d 456 (2004).

During the pendency of his appeal, Higgs discovered new evidence that he claimed, by way of new trial motion in this court, demonstrated the equal culpability of co-defendant Haynes, who had not received a death sentence. This Court denied the new trial motion, and the Fourth Circuit affirmed that decision by way of an unpublished opinion. *United States v. Higgs*, 95 Fed. Appx. 37 (4th Cir. 2004). Again, the Supreme Court refused to grant review to Higgs.

On November 28, 2005 (364 days after the Supreme Court denied a certiorari from his direct appeal), Higgs filed a 122 page Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative, Pursuant to 28 U.S.C.§ 2241 (referred to as "Mot."), which asserted 24 claims of error, to wit:

1. Newly discovered evidence demonstrates the prosecution improperly introduced and the defense inadequately rebutted comparative-bullet-analysis evidence, because the methodology underlying the testimony lacked scientific foundation. (Mot. at 3-21.)

2. The trial prosecutors improperly exercised peremptory challenges on the basis of gender bias. (Mot. at 21-29.)

3. Because he lacked the intent to direct Haynes to shoot the victims, Higgs is innocent of the crimes for which the jury convicted him; the verdict was the product of ineffective assistance of counsel and prosecutorial misconduct. (Mot. at 29-43.)

4. Trial counsel inadequately challenged evidence regarding the ubiquity of .38 caliber firearms. (Mot. at 43-46.)

5.  Trial counsel provided ineffective assistance in failing to object to the admission of testimony regarding co-defendant Haynes' confession as reported in a newspaper article. (Mot. at 47-50.)

6.  Trial counsel provided ineffective assistance in failing to adequately investigate and present evidence in mitigation. (Mot. at 50-80.)

7.  The government is racially biased in enforcing the Federal Death Penalty Act, and trial counsel provided ineffective assistance in inadequately challenging the prosecution's bigoted actions. (Mot. at 80-82.)

8.  Trial counsel provided ineffective assistance in failing to object to the admission of co-defendant Haynes' confession during the penalty phase trial. (Mot. at 83-85.)

9.  The government's victim-impact evidence was unduly prejudicial, the prosecution's argument about it amounted to misconduct, and the court's instructions about it were erroneous. (Mot. at 85-92.)

10.  The Federal Death Penalty Act does not support a statutory aggravating factor based on a firearm crime, like the one in Higgs' case, that post-dates the capital murder. (Mot. at 92-95.)

11.  The Federal Death Penalty Act does not support a statutory aggravating factor based on a drug crime, like the one in Higgs' case, that post-dates the capital murder. (Mot. at 95-97.)

12.  The United States Court of Appeals for the Fourth Circuit improperly analyzed prejudice stemming from a meritorious claim of legal error on appeal. (Mot. at 97-99.)

13.  Trial counsel provided ineffective assistance in failing to interview or call two witnesses with knowledge of co-defendant Haynes' self-incriminating statements, which would have supported Higgs' penalty-phase argument that an equally culpable co-defendant would not be punished with death. (Mot. at 99-100.)

14. In its Indictment, the government failed to properly allege aggravating factors in support of the death penalty. (Mot. at 100-01.)

15. The trial court failed to instruct the penalty phase jury to apply the reasonable doubt standard to its weighing of aggravating and mitigating factors, and trial counsel provided ineffective assistance in omitting to object to the oversight or propose an appropriate instruction. (Mot. at 101-02.)

16. The trial court erroneously refused to instruct the jury on the meaning of a life sentence, and appellate counsel ineffectively failed to raise the claim on appeal. (Mot. at 102-04.)

17. The United States Court of Appeals for the Fourth Circuit improperly analyzed the materiality of the evidence allegedly suppressed by the Government. (Mot. at 104-06.)

18. Trial and appellate counsel provided ineffective assistance in failing to object to the prosecution's reliance in argument on Higgs' exercise of his right to remain silent. (Mot. at 106.)

19. The trial court erroneously failed to instruct the penalty phase jury that it could not draw negative inferences from Higgs' refusal to testify, defense counsel provided ineffective assistance in failing to request an appropriate instruction or raise the omission on appeal. (Mot. at 106-07.)

20. Insufficient evidence supports the jury's inherent finding that the murders occurred in federal territorial jurisdiction – a failure of proof exacerbated by inconsistent jury instructions and trial counsel's failure to object to the relevant expert's lack of foundation. (107-10.)

21. The Government suppressed unidentified evidence. (Mot. at 110.)

22. Cumulative error requires relief in this case. (Mot. at 110-11.)

23. Higgs' allegations merit the granting of an evidentiary hearing. (Mot. at 111.)

24. For want of sequestration, the jurors committed misconduct and defense counsel ineffectively failed to litigate the issue at trial or on appeal. (Mot. at 111-12.)

25.  Higgs' execution will constitute cruel and unusual punishment.  (Mot. at 112-21.)

On April 7, 2010, this court issued  a 119 page opinion which addressed each claim raised by the defendant and denied his request for relief under 28 U.S.C. § 2255.   On May 4, 2010, the petitioner filed a four page pleading requesting this court to issue a Certificate of Appealability (COA) pursuant to 28 U.S.C.§ 2253(c).  Because the defendant has failed to make a substantial showing of the denial of a constitutional right as to each one of the 25 claims, the court should deny the defendant's application for a Certificate of Appealability.

## II.     THE PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY.

A final order in a case brought pursuant to 28 U.S.C. § 2255 may not be appealed  unless a Certificate of Appealability ("COA") is first granted as to any issue for which the petitioner has made a substantial showing of the denial of a constitutional right.  *See,* 28 U.S.C. § 2253(c)(1), (2). A COA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  The Supreme Court has interpreted this language to mean that the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 524 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is thus the petitioner's burden to establish that reasonable jurists could debate whether the petition should have been resolved differently or whether the issues presented "were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where the district court does not reach the merits of the underlying constitutional claim, but instead disposes of the claim on procedural grounds, the petitioner to obtain a COA, must demonstrate not simply that reasonable jurists would find the validity of the constitutional claim debatable, but also

5

that reasonable jurists would find the correctness of the district court's procedural ruling debatable.[1]

*Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.")  The COA process thus requires an "overview of the [post-conviction] claims . . . and a general assessment of their merits." *Miller-El*, 537 U.S. at 336.[2]

In his application for a COA, rather than attempt to set forth a substantial showing as to any of the 25 claims, Higgs merely incorporates his original petition for relief and his Motion to Alter or Amend Judgement Pursuant to Rule 59(e) which addresses his first claim only. Such an incorporation is simply inadequate. To hold otherwise, would in essence, result in the automatic granting of a COA in every case and thereby eliminate the substantial showing requirement set forth in 28 U.S.C. § (c).  Rather than attempt to make a substantial showing that a reasonable jurist might debate this court's ruling on some of his 25 claims, Higgs merely asserts that because this is a death

---

[1]   In addition to addressing the merits, this court determined that claims 2,7,8,15, 16, 19 and 20 were procedurally barred.

[2]   In applying the foregoing standards, a court should make the COA determination in light of the strict limits on federal post-conviction collateral relief under 28 U.S.C. § 2255, limits that are far more strict than those on a direct appeal from a criminal conviction and sentence.  On a motion pursuant to section 2255, relief is *not* available for any error that is non-jurisdictional or non-constitutional and that could have been raised on direct appeal, *see, e.g., United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996); for any claim that is procedurally defaulted (absent a demonstration of cause and prejudice or a fundamental miscarriage of justice), *see, e.g., Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001); for any claim previously raised and rejected on direct appeal. *See e.g., United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.1999);  *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003 ), *cert. denied*, 540 U.S. 1094 (2003) or for any trial error that did not have a substantial and injurious effect or influence in determining the jury's verdict, *see Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993), or that does not leave one in "grave doubt" about its harmlessness.  *See, O'Neal v. McAninch*, 513 U.S. 431 (1995).

penalty case, a Certificate of Appealability should be issued. Indeed, while the nature of the penalty is a fact which the court may consider when deciding whether or not to issue a COA, it does not relieve the petitioner of his burden to make a substantial showing that reasonable jurists would find the validity of the constitutional claim debatable. Moreover, the petitioner did not even address the need to make a substantial showing that reasonable jurists would find the court's determination that claims 2,7,8,15, 16, 19 and 20 were procedurally barred debatable. The court's decision on each claim was based on a thorough understanding of the applicable law and the application of the law to the facts. There is simply no evidence, much less a substantial showing, that this court's rulings on any of the 25 claims was debatable.

## III.    CONCLUSION

Given the petitioner's utter failure to articulate a substantial showing that reasonable jurists could debate whether any of the claims set forth in his petition should have been resolved differently, and for all of the reasons set forth in the government's response to the defendant's original petition which is incorporated by reference, this court should deny the defendant's petition for a COA.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____
Deborah A. Johnston
Assistant United States Attorney

7

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, a copy of the Government's Response to Petitioner's Request

For a Certificate of Appealability  was electronically filed in this case and was served by ECF to

defense couinsel.

_____/s/_____
Deborah A. Johnston
Assistant United States Attorney