**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent, | : | Criminal No. PJM-98-0520 |
| | : | |
| v. | : | Peter J. Messitte, U.S.D.J. |
| | : | |
| DUSTIN JOHN HIGGS, | : | Greenbelt Division |
| | : | |
| Petitioner. | : | |
| | : | |

**PETITIONER'S RENEWED MOTION FOR PRODUCTION OF EXCULPATORY**
**EVIDENCE AND RENEWED MOTION FOR DISCOVERY**

Petitioner, Dustin John Higgs, hereby renews his previously-denied requests for the production of exculpatory evidence and for discovery. In support of this motion, Mr. Higgs states the following:

**INTRODUCTION**

Contemporaneously with this motion, Mr. Higgs is filing *Petitioner's Motion for Relief from Final Judgment Pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co. and Federal Rule of Civil Procedure 60(d)* (hereinafter "Rule 60(d) motion"). The Rule 60(d) motion describes in detail through Petitioner's proffer the manner in which it is believed that the government withheld critical impeachment material regarding star witness Victor Gloria at trial, and then; the government attempted to cover up its violation during § 2255 proceedings. The Rule 60(d) motion includes a detailed procedural history, along with a lengthy statement of the facts that give rise to this set of renewed requests. Mr. Higgs does not repeat those recitations here, but instead incorporates them by reference. For purposes of this renewed motion, it suffices

1

to say that the government did not provide defense counsel with information that Mr. Gloria was a suspect in an unrelated homicide in Baltimore, but was not charged. Petitioner avers that federal officials with knowledge and control of the evidence of that other crime knew of Mr. Gloria's involvement in the crime. The government had a duty to provide this information at trial pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government also had a duty to provide this information during § 2255 proceedings, and to respond truthfully to Mr. Higgs's post-conviction *Brady* claim. *See Imbler v. Pachtman*, 424 U.S. 409, 427 n.25 (1976) ("after a conviction the prosecutor also is bound by the ethics of his office to inform the appropriate authority of after-acquired or other information that casts doubt upon the correctness of the conviction.").

As set forth in the 60(d) motion, Mr. Higgs has now obtained evidence from the Baltimore Police Department that reveals that the government did not turn over all of the evidence it was required to at trial, and further reveals that the government did not respond truthfully to Mr. Higgs's post-conviction *Brady* claim. Given the nature of the evidence located within the Baltimore Police file, it is virtually certain that additional *Brady* material is currently in the possession of the government. Further, given the government's demonstrated lack of candor regarding Mr. Gloria and the Baltimore homicide, it is appropriate to question what additional exculpatory or impeachment evidence the government has in its possession that Mr. Higgs has not been fortunate enough to discover.

As such, Mr. Higgs hereby makes the following renewed requests:

I.      **THE COURT SHOULD ORDER THE GOVERNMENT TO TURN OVER ALL EVIDENCE IN ITS POSSESSION REGARDING ITS KNOWLEDGE OF AND ACTIONS RELATING TO BALTIMORE AUTHORITIES' INVESTIGATION OF VICTOR GLORIA.**

As noted above, the government had duty to provide all *Brady* and *Giglio* material in its possession to the defense at the time of trial.  This duty continued during post-conviction proceedings.  Moreover, the government had an ethical duty to respond truthfully to Mr. Higgs's post-conviction claims.  As fully described in the Rule 60(d) motion, the government breached their duty and the full extent of the government's misconduct is yet to be determined.

Mr. Higgs therefore respectfully requests that the Court order the government to turn over the materials that they should have turned over at trial, and that they certainly should have turned over during § 2255 proceedings.  Specifically, Mr. Higgs requests that the government be ordered to turn over:

A. Any reports, memoranda, notes (including handwritten notes), or record of any type (paper, electronic, audio/visual, or in any format whatsoever) of any contact (whether in person, by telephone, in writing, electronically, or otherwise) between federal officials and state or local officials pertaining in any way to Martrelle Creighton's murder and/or the resulting investigation;

B. Any reports, memoranda, notes (including handwritten notes) or record of any type (paper, electronic, audio/visual, or in any format whatsoever) detailing communication by federal officials with Victor Gloria and/or his attorney regarding Martrelle Creighton's murder and/or the resulting investigation;

C. Any reports, memoranda, notes (including handwritten notes), or record of any type (paper, electronic, audio/visual, or in any format whatsoever) of communications between or among federal law enforcement officials discussing anything having to do with the Martrelle Creighton murder and/or the resulting investigation;

D. Any reports, memoranda, notes (including handwritten notes) or record of any type (paper, electronic, audio/visual, or in any format whatsoever) detailing any independent investigation that any federal agency conducted into Martrelle Creighton's murder;

E. Any and all previously undisclosed benefits received by Victor Gloria in exchange for his testimony, whether or not he had been formally promised those benefits prior to testifying;

3

F.     Any and all previously undisclosed *Brady* and *Giglio* material pertaining to any other witness or issue in the litigation

**II.    THE COURT SHOULD REOPEN MR. HIGGS'S PREVIOUSLY-DENIED DISCOVERY REQUESTS AND GRANT ACCESS TO THE ITEMS SOUGHT THEREIN.**

During the course of the § 2255 proceedings in this case, Mr. Higgs filed a motion for discovery. (Doc. 509). The Court denied the motion in its entirety. *Higgs v. United States*, 711 F. Supp. 2d 479, 557 (D.Md. 2010). Mr. Higgs respectfully submits that the information set forth in his Rule 60(d) motion, along with the questions that now arise about what additional information the government has failed to disclose, place the entire case in a different light. As such, Mr. Higgs respectfully requests that the Court reopen and reconsider the discovery requests made by Mr. Higgs during § 2255 proceedings that were previously denied. *Cf. Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("[t]he very nature of the writ [of habeas corpus] demands that [habeas proceedings] be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.").

WHEREFORE, Petitioner Dustin Higgs respectfully requests that the Court order the government to provide the discovery requested in this motion.

Respectfully Submitted,


/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated: December 4, 2014

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 4th day of December, 2014, I

electronically filed the foregoing motion using the Court's CM/ECF system.  Electronic notice

will be provided to the following individuals:

> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry