**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

_____
                                                    :
UNITED STATES OF AMERICA,              :
                                                    :
                    Respondent,           :        Criminal No. PJM-98-0520
                                                    :
          v.                                    :        Peter J. Messitte, U.S.D.J.
                                                    :
DUSTIN JOHN HIGGS,                       :        Greenbelt Division
                                                    :
                    Petitioner.              :
_____:

**PETITIONER'S REPLY IN SUPPORT OF RENEWED MOTION FOR PRODUCTION**
**OF EXCULPATORY EVIDENCE AND RENEWED MOTION FOR DISCOVERY**

The government begins its response to the discovery motion by arguing that Mr. Higgs

"has presented no evidence to support his bald assertions that federal officials had control over

the Baltimore City murder evidence or that they knew of Gloria's involvement in Creighton's

murder." Doc. 585 at 28-29.  Attached as an exhibit to Mr. Higgs's 60(d) motion is a

handwritten note from the chief homicide prosecutor in Baltimore City that begins by stating: "I

spoke to AUSA Deborah Johnston concerning Victor Gloria on 4/12/99." Pet. Ex. 21.  The note

continues by noting that "AUSA Johnston stated that it is possible that Co-Δ's − Scott, Scott +

Miller are blaming Gloria because they are friends of Δ's in her case especially Haynes." *Id.*

Also attached to Mr. Higgs's 60(d) motion is a memorandum from Detective Robert Patton of

the Baltimore Police that states: "[t]he U.S. Attorney's Office was advised by A.S.A. Cohen that

Kevin Miller and the Scott brothers had implicated Victor Gloria in the captioned Homicide."

Pet. Ex. 22.  In light of these documents, it is not easy to understand how the government can

possibly claim that Mr. Higgs "has presented no evidence to support his bald assertions that

federal officials . . . knew of Gloria's involvement in Creighton's murder." Doc. 585 at 28-29.

The government's further claim that federal officials did not have knowledge or control of the Baltimore homicide evidence because it physically resided in the Baltimore Police file, rather than their own file, is equally meritless. *Id.* at 29. It is black letter law that prosecutors are charged with knowledge and control of evidence for *Brady* purposes even if it is in the physical control of the police. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); *see also Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991) ("the prosecution is deemed to have knowledge of information readily available to it and the failure to provide that information when requested is a violation of the *Brady* rule"). Here, the trial prosecutor was in direct contact with the Baltimore City State's Attorney's Office about the Baltimore homicide investigation and Mr. Gloria's role therein. The Baltimore Police were similarly in direct contact with at least one agent from the United States Park Police, and likely also from the FBI. *See* Pet. Ex. 15 (communication from United States Park Police Detective Joseph Green regarding Mr. Gloria); Pet. Ex. 16 (handwritten note listing name and telephone number of FBI Agent Bradlee Sheafe); Pet. Ex. 18 (handwritten note listing names and telephone numbers of United States Park Police Detectives Joseph Green and Rydi Abt); Pet. Ex. 19 (handwritten note with the words "Things to Do" written across the top, the first item being "Call Det. Joe Green U.S. Park Police"). There can be no argument that the government somehow is not charged with this information for *Brady* purposes.

The government also claims that that Mr. Higgs's discovery requests are overbroad and constitute a "fishing expedition." Doc. 585 at 29. Claims of overbreadth and invocation of the phrase "fishing expedition" are routine responses to discovery motions. They could not be less apt characterizations in this case – this is the antithesis of a fishing expedition. With the

exception of Mr. Higgs's request to reopen the previously-denied discovery requests and the general request for the government to comply with its *Brady* obligations, Mr. Higgs's requests all focus specifically on benefits received by Mr. Gloria and federal-state contacts pertaining to the investigation into Mr. Creighton's murder.  The requests could hardly be more specific, tightly focused, or directly relevant to a claim before the Court.

Moreover, Mr. Higgs has presented a substantial amount of evidence that shows that the very specific information he is seeking actually exists.  For example, the above-referenced handwritten note from the chief homicide prosecutor from the Baltimore City State's Attorney's Office, dated April 12, 1999, states that "[b]ecause plea agreement is sealed, [AUSA Johnston] could not tell me if Gloria is going to testify agt. Co-Δ's."  Pet. Ex. 21.  The above-referenced memorandum from Detective Patton states: "[p]er the U.S. Attorney's office Victor Gloria has plead guilty and is slatted to testify against his co-defendants, Willis Haymes and Dustin Higgs."  Pet. Ex. 22 (text reproduced as it appears in original).  There is thus every reason to believe that sometime between April 12, when the government was unwilling to share whether Mr. Gloria would be testifying, and April 21, when Detective Patton knew that Mr. Gloria would be testifying, there was some additional communication between state and federal officials.

This represents but one example of the evidence produced thus far by Mr. Higgs that supports his discovery requests.  The handwritten notes discussed above list the names and telephone numbers of federal agents, along with information about the federal capital prosecution.  Mr. Higgs has also submitted a document that consists of handwritten driving directions from Baltimore to the United States Park Police office.  Pet. Ex. 20.  All of this evidence leads inexorably to the conclusion that the government is in possession of the

information Mr. Higgs is seeking.  In sum, if this is a fishing expedition, it is hard to imagine a discovery request that would not fit that description.

The remainder of the government's short discovery response restates its view that Victor Gloria is innocent of Martrelle Creighton's murder and that Mr. Higgs cannot make out his claim of fraud on the Court.  Doc. 585 at 29.  For the reasons stated in Mr. Higgs's contemporaneously-filed reply in support of his 60(d) motion, the premise of the government's argument is incorrect, and therefore does not serve as a barrier to the grant of discovery.

WHEREFORE, for the reasons stated herein and in the previously-filed discovery motion, Petitioner Dustin John Higgs respectfully requests that the Court order the government to provide the requested discovery.  Mr. Higgs respectfully requests the opportunity to present argument on this motion.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated:  April 7, 2015

4

## CERTIFICATE OF SERVICE

I, Matthew C. Lawry, hereby certify that on this 7th day of April, 2015, I electronically filed the foregoing motion using the Court's CM/ECF system.  Electronic notice will be provided to the following individuals:

> James A. Crowell IV
> Sujit Raman
> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry