**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

_____

|  |  |  |
|---|---|---|
|  | : |  |
| UNITED STATES OF AMERICA, | : | Criminal No. PJM-98-0520 |
|  | : |  |
| Respondent, | : | Civil No. PJM-05-3180 |
|  | : |  |
| v. | : | Peter J. Messitte, U.S.D.J. |
|  | : |  |
| DUSTIN JOHN HIGGS, | : | Greenbelt Division |
|  | : |  |
| Petitioner. | : |  |

_____:

**PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**
**AND CONSOLIDATED MEMORANDUM OF LAW**

Petitioner Dustin John Higgs respectfully requests that the Court grant him a certificate of

appealability (COA) from its decision denying his motion for relief pursuant to *Hazel-Atlas*

*Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and Federal Rule of Civil Procedure

60(d).  In support of this request, Mr. Higgs states as follows:

Mr. Higgs originally moved to vacate his convictions and death sentences pursuant to 28

U.S.C. § 2255.  Doc. 492.  After the Court's denial of such relief was affirmed, Mr. Higgs moved

for relief from that judgment pursuant to *Hazel-Atlas* and Rule 60(d).  Doc. 579.  On June 29,

2016, the Court denied relief without granting discovery or a hearing.  *United States v. Higgs*,

No. 98-cr-520, *Memorandum Opinion* (hereafter "Mem. Op.") and *Order*, Docs. 600, 601 (D.

Md. June 29, 2016).  In the course of denying Mr. Higgs's motion for relief from the underlying

judgment, the Court acknowledged that Mr. Higgs had "already obtained considerable evidence

to support his motion," Mem. Op. at 32 n.15, but nevertheless denied both his motion for

discovery to obtain more such evidence, and the underlying Rule 60 motion.

1

The Fourth Circuit has held that a COA is required for a habeas petitioner to appeal from the denial of a Rule 60(b) motion. *Reid v. Angelone*, 369 F.3d 363 (4th Cir. 2004). Presumably, this would also apply to appeal from the denial of a Rule 60(d) motion.

In its original *Memorandum Opinion* and *Order*, the Court did not expressly rule on whether Petitioner is entitled to a COA. Under Rule 11(a) of the Rules Governing Section 2255 Procedures for the United States District Courts, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Mr. Higgs respectfully requests that the Court grant him COA to appeal the weighty issues raised by his Rule 60(d) motion. COA should be granted when the petitioner makes a "substantial showing of the denial of a constitutional right," which "includes showing that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). This standard is not onerous. It "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Indeed, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. Moreover, the fact that this Court has denied Mr. Higgs's motion does not preclude the granting of a COA. *Id.* at 337 ("[W]hen a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'") (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983))

Here, the Court denied Petitioner's claim on what are essentially procedural grounds, i.e., that Petitioner had not made a sufficient showing of a fraud on the court to warrant relief under Rule 60(d). When a claim is denied on procedural grounds, "a COA should issue when the

2

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *accord*

*Reid*, 369 F.3d at 370-74 (discussing COA requirement as it pertains to Rule 60 motions).

In this case, the underlying constitutional claim that Mr. Higgs's due process rights were

denied in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and his argument that the claim

should be revisited due to a fraud on the court essentially turn on the same inquiry: whether the

Baltimore Police Department's failure to charge Mr. Gloria with murder was in part based upon

the intervention of federal authorities.  Although the Court has denied Mr. Higgs's arguments, it

has not found them to be wholly without potential merit.  It has instead denied them based on its

view that the government's interpretation of the existing evidence was more likely to be correct.

*See* Mem. Op. at 26 (finding that it was "more likely that the decision not to charge Gloria was

based not on federal intervention, but on the Baltimore authorities' own assessment of strength

of the evidence in their case.").  And the Court has done so without granting Mr. Higgs discovery

and a hearing that would enable him to produce additional evidence that remains uniquely in the

control of the government.

Petitioner has never had the opportunity to prove – by any standard – the existence of a

fraud on the court.  Petitioner has made specific allegations – supported by "considerable

evidence" – that there was conduct that would constitute a fraud on the court.  At this stage of the

proceedings, the Court erred in denying relief based on its finding that the proffered documents

did not by themselves prove by clear and convincing evidence that a fraud had taken place.  *See*,

*e.g.*, *Square Const. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71-73 (4th Cir.

1981) (while party alleging fraud must prove misconduct by clear and convincing evidence,

movant's allegations and supporting documents provided sufficient evidence of fraud to require remand for discovery regarding an allegedly withheld estimate "in order to ascertain its existence in fact, as well as all the circumstances surrounding its preparation."); *Pearson v. First NH Mortgage Corp.*, 200 F.3d 30, 35 (1st Cir. 1999) ("Although the ultimate burden to prove 'fraud on the court' by clear and convincing evidence rested with [the movant], ... once the record evidence demonstrates a 'colorable' claim of fraud, the court may exercise its discretion to permit preliminary discovery and evidentiary proceedings.") (citation omitted); *accord Whitmore v. Symons Intern. Group, Inc.*, 2011 WL 806624 (S.D. Ind. 2011).

It is at the very least debatable among jurists of reason that Mr. Higgs's allegations are accurate and will be substantiated following full factual development.  The significance of this issue makes it "adequate to deserve encouragement to proceed further."  *Slack*, 529 U.S. at 484. The Court should therefore grant COA.

WHEREFORE, for the reasons set forth above and in Mr. Higgs's prior submissions, Mr.

Higgs respectfully requests that the Court grant COA.

Respectfully Submitted,


/s/ Matthew C. Lawry                              /s/ Stephen H. Sachs
Matthew C. Lawry                                 Stephen H. Sachs
Federal Community Defender Office                WilmerHale LLP
    for the Eastern District of Pennsylvania     Five Roland Mews
Curtis Center, Suite 545-West                    Baltimore, MD 21210
601 Walnut Street                                (410) 532-8405
Philadelphia, PA 19106                           Steve.Sachs@wilmerhale.com
215-928-0520
Matthew_Lawry@fd.org


Dated: July 25, 2016

**CERTIFICATE OF SERVICE**

I, Stephen H. Sachs, hereby certify that on this 25th day of July, 2016, I electronically

filed the foregoing motion using the Court's CM/ECF system.  Electronic notice will be provided

to the following individuals:

James A. Crowell IV
Sujit Raman
Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys
Office of the United States Attorney
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770-1249


/s/ Stephen H. Sachs
Stephen H. Sachs