IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. PJM-98-0520** |
| | : | **Civ. No. PJM 05-3180** |
| DUSTIN JOHN HIGGS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR CERTIFICATE OF APPEALABILITY (ECF 602)

The United States of America, by its undersigned counsel, hereby opposes defendant Dustin Higgs' ("the defendant") Motion for a Certificate of Appealability ("COA")(ECF 602) (referred to herein as "Def. Mtn").

## I.      PROCEDURAL BACKGROUND

Following the defendant's conviction for the kidnapping and murder of three young women, a jury concluded that he should receive the death penalty. His conviction and sentence were affirmed on appeal. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), *cert. denied*, 543 U.S. 999 (2004).   The Court denied the defendant's Motion to Vacate Pursuant to 28 U.S.C. §2255, *see United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010) ("*Higgs III*") and granted a COA but only as to one issue unrelated to the defendant's present motion.   *See Higgs v. United States,* 2010 WL 2976172 (D.Md. July 20, 2010) ("*Higgs IV*")(rejecting argument that the length of the Court's opinion and the fact that it is a capital case weighs in favor of granting a COA[1]).

---

[1] "While it may be fair policy that in every capital case a COA should be granted as to every issue, that does not appear to be the law. Higgs has an obligation to specify, as to each issue for which appeal is sought, that reasonable jurists would find that the Court's assessment of the particular issue is debatable or wrong. The fact that Higgs has not done so here precludes the Court from making findings that would support grant of the COA." *Higgs,* 2010 WL 2976172 at 1–2.

On November 23, 2011, the Fourth Circuit denied the defendant's appeal, *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011), *cert. denied, Higgs v. United States*, 133 S. Ct. 787 (2012).

On December 4, 2014, the defendant filed a Motion for Relief pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) and Federal Rule of Civil Procedure 60(d) (ECF 579).   In *Hazel–Atlas*, the Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court. *See* 322 U.S. at 248–49.   Rule 60(b) sets forth grounds upon which a party may move the district court to grant relief from a final judgment. And Rule 60(d)(3) confirms that Rule 60(d) "does not limit a court's power to ... set aside a judgment for fraud on the court."

In his Rule 60(d) Motion, the defendant asked the Court to revisit his Motion to Vacate pursuant to 28 U.S.C. § 2255 claiming to have found new evidence from a police file that he contends shows the government made false representations during the § 2255 proceedings thereby committing fraud on the Court (ECF 579). Specifically, the defendant contended that a government trial witness, Victor Gloria, received lenient treatment in an unrelated murder investigation (referred to herein as the "Creighton investigation") when he was not charged with the murder, and the government not only failed to disclose the information at trial in violation of *Brady v. Maryland*, 73 U.S. 83 (1963), but made false statements to the Court denying the lenient treatment. The defendant also sought discovery (ECF 580).

On June 29, 2016, the Court issued a detailed thirty-page opinion concluding on the merits that the defendant "failed to establish even colorable fraud on the Court" and denying his motion and claim for relief.   *United States v. Higgs*, 2016 WL 3541387 at 1 (D.Md. June 29, 2016) ("*Higgs V*").   The defendant now seeks a COA so that he can challenge the Court's June 29, 2016 order.    For the reasons set forth herein, the defendant's Motion should be denied.

2

## II.   ARGUMENT

The defendant acknowledges that to appeal the denial of his Rule 60(d)(3) motion, he must first obtain a COA from this court.   Def. Mtn. at 2.   *See e.g. Reid v. Angelone*, 369 F.3d 363, 369 & n.2 (4th Cir. 2004) (a COA is required when a prisoner appeals from the denial of a motion under Fed. R. Civ. P. 60(b) for relief from the judgment in a Section 2254 or Section 2255 proceeding, citing cases from the Second, Third, Seventh, Eighth, Ninth, and Eleventh Circuits). However, the defendant has not met the standard for granting a COA and his motion should be denied.

A.  Standard for Issuing a COA

The parties agree that a COA may issue only upon the "substantial showing" of the denial of a constitutional right. *See e.g.* Def. Mtn. at 2; 28 U.S.C. § 2253(c)(2)("a certificate of appealability may issue [in a habeas proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right."); *Reid v. Angelone*, 369 F.3d at 384 (applying §2253 standard to Rule 60 motion).   Where a district court has rejected the constitutional claims on the merits, as the Court did here, the showing required is "straightforward": the defendant must demonstrate that reasonable jurists would find the district court's *assessment of the constitutional claims debatable or wrong.*   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis supplied). *See Swisher v. True*, 325 F.3d 225, 233 (4th Cir.) (Defendant did not show that district court's assessment of *Brady* claim was debatable or wrong and a COA was properly denied), *cert. denied*, 539 U.S. 971 (2003).

The defendant claims the Court denied the Rule 60(d) motion on "essentially procedural grounds", Def. Mtn. at 2, hence, he claims the standard is slightly different. According to the defendant, a COA should issue here if he has shown "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. He claims the "procedural" ruling is that the Court found he had not made a "sufficient showing of a fraud." Def. Mtn. 2. A "procedural" ruling, however, is one where the Court has not considered the merits of the underlying claim but rather has dismissed a claim for a procedural reason. *See e.g. Rouse v. Lee*, 314 F.3d 698 (4th Cir.), *reh'g en banc granted, opinion vacated* (Feb. 13, 2003), *on reh'g en banc*, 339 F.3d 238 (4th Cir. 2003)(procedural issue was the failure to grant a COA on the issue of equitable tolling of the time for filing in a habeas proceeding).

It is clear that the Court rejected Higgs' fraud claim for Rule 60(d) relief on its merits.[2] The Court set forth a detailed "a summary of the facts upon which [the parties'] appear to agree or which appear on the face of the exhibit" but recognized both parties disagreed sharply on the interpretation of those facts. *Higgs V,* at 3. Ten pages of the Court's opinion are replete with the Court's interpretation of the facts and findings and as to why the facts did not support the defendant's interpretation and argument that the Creighton investigation constituted *Brady* as to witness Gloria. For example, the Court demonstrated how the record reflected it was another man who was "strongly link[ed]" with the murder, *Higgs V,* at 5, and indeed that man (Kevin Miller) was charged with, and pled guilty to, the Creighton's murder and two other men pled guilty to assaulting Creighton. *Higgs V,* at 9. These were the same three men who implicated Gloria.

---

[2] The defendant claims that the Court did not find his Rule 60(d) motion was "wholly without potential merit", Def. Mtn. at 3, but that is precisely what the Court did when it outlined the facts constituting the so-called *Brady* violation and rejected the nefarious interpretation of those facts by Higgs. *Higgs V,* at 16 ("The Court has no trouble concluding that Higgs has failed to meet his "very high bar" of showing by clear and convincing evidence that Gloria received leniency in the Creighton case in exchange for his testimony in the federal trial.")

*Higgs V,* at 4-9.   The Court reasoned that the "weight of evidence …. exonerating Gloria to this point unquestionably supports the Government's position that the reason Gloria was not charged was because police concluded he was not involved."   *Higgs V,* at 13.

The Court then rejected the allegations of fraud during the § 2255 proceedings based on *Brady* because there was no *Brady* violation in the first place.   *Id.*   at 11-12. The Court concluded that:

> …Higgs has failed to prove by clear and convincing evidence, first, that the Government in any sense committed fraud on the court by denying that Gloria received consideration from Baltimore city prosecutors in the Creighton murder case; and second, that the Government engaged in an intentional plot to deceive the Court during § 2255 proceedings; and third, even assuming the factual accuracy of Higgs's allegations, he has failed to establish that evidence of benefits to Gloria beyond those already disclosed to the defense would have made a material difference to the outcome of § 2255 proceedings.

*Id.* at 12.

Accordingly, the Court decided the Rule 60(d) motion on the merits and the standard for granting a COA now is whether Higgs' demonstrated that reasonable jurists would find the Court's assessment of the constitutional claim (*Brady*) debatable or wrong.

B.      Legal Argument

For the reasons set forth below, Higgs has not made a substantial showing that he was denied a constitutional right and that reasonable jurists would find that the Court's assessment of the *Brady* claim debatable or wrong.

1. Higgs has not made a Substantial Showing that he was Denied a Constitutional Right

Higgs must first make "a substantial showing of the denial of a constitutional right" to warrant the issuance of a COA.     *Slack*, 529 U.S. at 483-484; *Gregory v. Denham*, 623 F.App'x 932, 934–36 (10th Cir. 2015).   In his request for a COA, Higgs contends that the underlying

constitutional right he was denied is due process in violation of *Brady.*    Def. Mtn. at 3.    As stated in *Reid v. Angelone,* the Court should look at the Rule 60 motion and the underlying habeas application in determining the constitutional right at issue.    369 F.3d at 372.

Here, the habeas claim was that the government failed to disclose *Brady* information about an unrelated Baltimore Police Department (BPD) homicide investigation referred to as the "Creighton Investigation" as it pertained to trial witness Victor Gloria.    The same holds true as to the Rule 60 motion but with a different spin.    After the habeas petition was denied by the Court, Higgs obtained the BPD file in the Creighton murder investigation and alleged that "new" information in it demonstrated that the government's denial of lenient treatment to Gloria perpetrated a fraud during the 2255 proceedings before the Court    (ECF 579).    That is, Higgs' Rule 60 claim provided allegedly additional facts and framed the inquiry as one of fraud (that the government made false representations about the benefits to Gloria in the § 2255 proceeding) in order to meet the standard for relief under Rule 60(d)(establishing power of court to set aside judgment "for fraud").

It is notable that the Court did not grant a COA when it denied habeas relief based on the *very* same alleged denial of Higgs' constitutional right.    Higgs moved to vacate his conviction under § 2255 claiming that the Government had failed to turn over all the *Brady* and *Giglio*[3] material relating to Gloria and therefore denied him due process.    *Higgs III*, 711 F. Supp. 2d at 508 (Finding that Higgs' motion particularly failed on the "materiality" prong of *Brady* given the weight of the evidence).    In ruling on the merits of the habeas claim, the Court wrote "any evidence that Gloria may have received consideration for his testimony beyond that disclosed by

---

[3] *Giglio v. United States*, 405 U.S. 150 (1972))

the Government could not have further undermined his already low credibility, nor would it have created a 'reasonable probability' of a more favorable verdict.")   *Id.*

With respect to the Rule 60(d) motion, and as discussed above in subparagraph II A., the Court conducted a similar assessment of the *Brady* claim considering the "new" information and rejected the defendant's interpretation of a *Brady* violation.   *Higgs V,* at 9.   ("Nothing in the BPD file indicates that Gloria was ever charged in connection with Creighton's murder, or that BPD investigators spoke with Gloria at any point during their investigation, or that the investigators made any sort of arrangement with the AUSA not to charge Gloria as part of an overall deal to get Gloria to testify against Higgs in the present case.")

Accordingly, the defendant has not made a "substantial showing" of a constitutional right violation.

### 2.   Reasonable Jurists Would Not Debate the Court's Assessment under *Brady*

Nor would a reasonable jurist debate the Court's *Brady* assessment.   The Court presided over Higgs' trial and has heard and reviewed every motion since the verdict.   The Court made detailed factual findings both during direct appeal, during the habeas proceedings, and in the Rule 60(d) motion. The Court applied the right legal standard and there is no allegation in the defendant's motion for a COA that it did not.

In connection with its decision not to grant a COA when it denied habeas relief to Higgs on the same (and other) issues, the Court properly observed: "Higgs has an obligation to specify ... that reasonable jurists would find that the Court's assessment of the particular issue is debatable or wrong."   *Higgs IV,* at 1-2.   Except by making the same broad brush characterization that his Rule 60(d) involves "weighty issues", Def. Mtn. at 2, there is no showing of how the Court's

decision is debatable or wrong.   He simply wants discovery and further hearings and that is not

what the Rule 60 process is for.

The fact that the case involves a *Brady* allegation alone does not change this analysis.   If

that were so, any underlying *Brady* allegation rejected by the district court would automatically

result in the grant of a COA.   This is simply not the law.   Indeed, in *True v. Swisher*, *supra*, the

Fourth Circuit upheld the denial of a COA based on *Brady* allegations in a death penalty case

ruling as follows:

> Defendant Swisher asserted that [prosecutors] in violation of Brady, failed to turn
> over evidence that a witness sought and received a reward in exchange for his
> testimony. The district court found that this claim, which Swisher never presented
> in state court, was "clearly unexhausted," but elected to deny the claim on its merits
> pursuant to 28 U.S.C.A. § 2254(b)(2) (stating that an application for a writ of
> habeas corpus in federal court may be denied on the merits, notwithstanding the
> applicant's failure to exhaust the remedies available in state court). Relying on the
> evidence of the vileness of Swisher's crime and his future dangerousness, which it
> had previously discussed, the district court concluded, "[g]iven the strength of other
> evidence before the jury in support of vileness and future dangerousness, there is
> no reasonable probability that even the elimination of Ridgeway's testimony would
> cause a reasonable factfinder to vote for life."…..We again assess whether jurists
> of reason would find the district court's assessment of Swisher's claim debatable or
> wrong. *Slack*, 529 U.S. at 484, 120 S.Ct. 1595.

*Id.* at 231-232.

As the Court should do here, the Fourth Circuit found in *Swisher* that:

> "even accepting Swisher's allegations as true, we cannot find that any reasonable
> jurists would conclude that the result of any proceeding in this case would have
> been different. Because Swisher has not shown that reasonable jurists would find
> the district court's assessment of the claims debatable or wrong, we deny a COA as
> to this claim.   In rejecting Swisher's claim, the district court referred to the
> admitted facts of Snyder's murder and the evidence that Swisher had been caught
> with a shank and a razor blade in his cell while awaiting trial at the local jail, and
> that he repeatedly threatened his jailers during that time. Based on this evidence,
> the district court's conclusion that Swisher would have been convicted of capital
> murder and sentenced to death even if Ridgeway's testimony had been completely
> impeached by evidence that he was promised, and later received, a reward for his
> testimony is not debatable.

*Id.*    For the same reasons, it is simply not debatable or wrong that there was no *Brady* violation involving Gloria for the reasons carefully outlined in the Court's ruling on the merits denying Higgs' Rule 60(d) motion.

## CONCLUSION

For the foregoing reasons, the Court should deny a Certificate of Appealability.

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY


_____/s/_____

By:    Deborah A. Johnston
Sandra Wilkinson
James A. Crowell
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland    21201
(410) 209-4800

Dated:    October 7, 2016


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 7th day of October 2016, caused a copy of the foregoing to be delivered by electronic service upon all counsel of record.


_____/s/_____
Sandra Wilkinson
Assistant United States Attorney