IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,     *
         *
    Respondent,     *
         *
v.     *    Crim. No. **PJM-98-0520**
     *    Civ. No. **PJM-05-3180**
     *
**DUSTIN JOHN HIGGS,**     *
         *
    Petitioner     *
     *

**MEMORANDUM OPINION**

Following Dustin John Higgs's conviction for the kidnapping and murder of Tanji Jackson, Tamika Black, and Mischann Chinn, a jury concluded that he should receive the death penalty. His conviction and sentence were affirmed on appeal. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) *cert. denied*, 543 U.S. 999, 125 S. Ct. 627, 160 L.Ed.2d 456 (2004). The Court denied Higgs' Motion to Vacate Pursuant to 28 U.S.C. § 2255, *see United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010). Two years later, Higgs filed a Motion for Relief pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) and Federal Rule of Civil Procedure 60(d). The Court denied the Motion, concluding that Higgs failed to establish even colorable fraud on the Court. *See United States v. Higgs*, 2016 WL 3541387 (D. Md. June 29, 2016). Higgs then filed his pending Motion for Certificate of Appealability. Because jurists of reason could not find it debatable whether the Court was correct in its procedural denial of Higgs' Rule 60(d) Motion, his Motion for Certificate of Appealability is **DENIED**.

-1-

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

Here, the parties disagree about whether the Court's denial of Higgs' Motion under Rule 60(d) was procedural or on the merits. Accordingly, the parties disagree on the appropriate standard that the Court should apply in considering the Motion for Certificate of Appealability.[1]

For the purposes of § 2255 appeals, the distinction between procedural rulings and rulings on the merits turns on whether the court "reach[ed] the petitioner's underlying constitutional claim." *Slack*, 529 U.S. at 484. In Higgs' Rule 60(d) Motion, Higgs asserted that the Government denied him due process by withholding potentially exculpatory evidence. The Court made no holding on this question. Rather, the Court held that Higgs had not made a sufficient showing of a fraud on the Court to warrant relief under Rule 60(d). *Higgs*, at *1 (D. Md. June 29, 2016) ("Because the Court agrees with the Government that Higgs has failed to establish even a colorable fraud on the Court, his Motion is **DENIED**."). Accordingly, the Court's decision was procedural,[2] and in order for a Certificate of Appealability to be granted, Higgs must show (1) "that jurists of reason would find it debatable whether the petition states a

---

[1] If the denial was on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. If, on the other hand, the denial was procedural, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*
[2] Indeed, arguably the Court had no jurisdiction to "reach the petitioner's underlying constitutional claim," without first granting Higgs' Rule 60(d) Motion because of the bar on "second or successive" habeas petitions absent appellate permission. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005) (Rule 60(b) motion challenging outcome of habeas proceedings requires pre-filing authorization).[2] Thus, the ruling on the Rule 60(d) Motion was necessarily procedural.

valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the entire record in the case and finds that Higgs has not made the requisite showing here. Higgs falters on the second prong because he fails to demonstrate that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. To prevail on his Rule 60(d) motion, Higgs would have had to prove fraud on the Court by "clear and convincing evidence." *Higgs*, at *11 (D. Md. June 29, 2016). *See United States v. Antone*, 742 F.3d 151, 159 (4th Cir. 2014) (holding that "clear and convincing" evidence must render a factual determination "highly probable" and produce a "firm belief or conviction" as to the truth of the allegations being sought to be established). But the Court concluded that Higgs failed to demonstrate that the Government committed fraud on the Court in any sense, much less did he offer any suggestion of clear and convincing evidence of fraud. Higgs also failed to indicate, even colorably, that the Government engaged in an intentional plot to deceive the Court during the § 2255 proceedings. Finally, even assuming the factual accuracy of Higgs' allegations, he was unable to establish that the allegedly undisclosed evidence would have made a material difference to the outcome of § 2255 proceedings. As such, no jurist could have found that Higgs proved fraud on the Court by clear and convincing evidence.

Because Higgs cannot satisfy the second prong of the *Slack* test for issuing a Certificate of Appealability for a procedural ruling, the Court need not consider whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.[3]

---

[3] In *Slack* the Supreme Court recognized that the "court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." *Slack* at 485.

The Certificate of Appealability is **DENIED.**

A separate Order will **ISSUE.**


_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 22, 2016**