## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO.   PJM 98-520** |
| | * | |
| **DUSTIN JOHN HIGGS,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## MOTION TO AMEND JUDGMENT AND ORDER

Comes now the United States of America, by and through undersigned counsel, and hereby moves to amend the judgment in the above-captioned matter, and as grounds therefore does state:

1.      On January 3, 2001, the district court signed the attached Judgment and Order (ECF 414) imposing a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 of the indictment.

2.      The Judgment and Order currently reads in the last sentence of the first full paragraph on page 2:   "The sentence as to Dustin John Higgs is also imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 *and 3596*." (Emphasis supplied).

3.       Section 3596 of Title 18 provides:

> When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed. If the law of the State does not provide for implementation of a sentence of death, the court shall designate another State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law.

4.  The court imposed sentence in the State of Maryland but the State of Maryland abolished the death penalty after imposition of judgment in this case and hence, the law of the State of Maryland "does not provide for implementation of a sentence of death."   The U.S. Marshal cannot implement sentence based on a non-existent statute.   Accordingly, the purpose of this Motion is to amend the Judgment and Order pursuant to 18 U.S.C. § 3596 to specifically designate the State of Indiana, where the defendant is currently housed, as the state implementing the sentence of death.   In all other respects, the Judgment and Order should remain in full effect.

5.  The Government submits the Department of Justice—including the United States Attorney General and his various designees such as the Director of the Federal Bureau of Prisons and the Director of the U.S. Marshals Service—already has the authority to implement the defendant's death sentence. That authority stems from the inherent constitutional authority of the President to take care that the laws are faithfully executed and from the Court's January 3, 2001 oral and written imposition of a sentence of death (ECF 414).

6.  A proposed order amending the original Judgment and Order is attached hereto for the Court's consideration.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____

Sandra Wilkinson
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2020, a copy of the foregoing Motion was electronically filed and copies were e-mailed to the below counsel of record for defendant Higgs.

Matthew C. Lawry, Federal Public Defender: matthew_lawry@fd.org

Stephen Howard Sachs, Esq.: steve.sachs@wilmerhale.com

By: _____/s/_____
    Sandra Wilkinson
    Assistant United States Attorney