**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____

|                                          |     |                          |
|------------------------------------------|-----|--------------------------|
| UNITED STATES OF AMERICA                 | :   |                          |
|                                          | :   |                          |
|                                          | :   |                          |
| v.                                       | :   | No. 98-cr-520-PJM        |
|                                          | :   |                          |
|                                          | :   |                          |
| DUSTIN JOHN HIGGS                        | :   |                          |

_____:

**MOTION TO STRIKE OR SUMMARILY DENY DOCKET ENTRIES 640 AND 644**
**OR, IN THE ALTERNATIVE, FOR PERMISSION TO FILE A SURREPLY**
**AND CONSOLIDATED MEMORANDUM IN SUPPORT**

On August 4, 2020, the Government filed a one-and-a-half-page motion requesting that the Court amend its final judgment and order to designate Indiana as the state in which Mr. Higgs should be executed. ECF No. 640 at 2. Mr. Higgs filed a response in opposition, noting that the Court has no authority to amend its final judgment and requesting that the Court instead designate Virginia to the extent it has such authority. *See* ECF No. 643. The Government has now filed a nineteen-page "reply" in support of its one-and-a-half-page motion. The reply raises several new arguments, appends a new declaration attempting to justify its position, and requests an entirely new form of relief. Because the Government's motion fails to comply with Local Rule 105.1 and because its reply raises several arguments for the first time, the Court should strike or summarily deny the Government's filings. Given that the Government's reply is in substance a brand new motion, the Court should at a minimum afford Mr. Higgs fourteen days within which to file a surreply so that he may respond to the Government's new arguments.

**A.    The Court should strike or summarily deny docket entries 640 and 644.**

Local Rule 105.1 requires any motions or responses in opposition to be "accompanied by a memorandum setting forth the reasoning and authorities in support of it." *See also* Local Rule

207 (noting that the provisions of Local Rule 105 apply in criminal cases). Courts in this District have repeatedly highlighted this requirement. *See Rogler v. Fotos*, 2015 WL 7253688, at *7 (D. Md. Nov. 17, 2015) ("Rogler has not provided a legal basis for her motion") (citing Local Rule 105.1); *Bank of America, N.A. v. Kissi*, 2015 WL 1210281, at *7 (D. Md. March 16, 2015) ("Plaintiffs have provided no legal authority to support such an expansion of jurisdiction, notwithstanding that they are required to do so by Local Rule 105.1"); *Broadcast Music, Inc. v. DSK 2005, Inc.*, 2009 WL 10685547, at *3 (D. Md. March 30, 2009) ("Defendants' Opposition cites no authority in support of their position. Local Rule 105.1 requires that a party file, 'a memorandum setting forth the reasoning and authorities in support' of its opposition.").

The Government's motion is plainly deficient under Local Rule 105.1. It is extremely short and contains virtually no reasoning or authority. By contrast, the Government's reply is very long, raises several new arguments and cites many new authorities. The reply even requests an entirely new form of relief. *See* ECF No. 644 at 9 ("Alternatively, the Court may, rather than supplement the 2001 Judgment and Order, instead enter a new order designating Indiana as the state that will supply the law and location for implementing Higgs's death sentence.").

The Court should strike or summarily deny the Government's motion and reply. The "ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (*citing United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)); *accord Meerkreebs v. Aston & Sanders Corp.*, 2018 WL 1211539, at *6 (D. Md. March 7, 2018). The Government is requesting that this Court set forth the place and manner of Mr. Higgs's execution, "perhaps the most solemn and significant act a government can perform." *United States v. Sampson*, 300 F. Supp. 2d 278, 280 (D. Mass. 2004). It should at the bare

minimum be required to follow the basic, straightforward procedures of this Court in making its request.

**B.      In the alternative, the Court should grant Mr. Higgs permission to file a surreply.**

Should the Court decline to strike or summarily deny the Government's filings, it should grant Mr. Higgs fourteen days within which to file a surreply. Local Rule 105.2(a) prohibits the filing of surreplies unless otherwise ordered by the Court. Mr. Higgs will have no opportunity to respond to any of the Government's new arguments if he is not permitted to file a surreply. Because the Government's reply effectively serves as its motion, Mr. Higgs respectfully requests that he be granted the period ordinarily allotted for responses to motions – fourteen days. *See id.*

WHEREFORE, for the reasons stated above, the Court should strike or summarily deny docket entries 640 and 644. In the alternative, the Court should grant Mr. Higgs permission to file a surreply within fourteen days.

Respectfully submitted,

/s/ Matthew C. Lawry                              /s/ Stephen H. Sachs
Matthew C. Lawry                                  Stephen H. Sachs
Federal Community Defender Office                 Roland Park Place
  for the Eastern District of Pennsylvania        830 W. 40th Street, Apt. 864
Curtis Center, Suite 545-West                     Baltimore, MD 21211
601 Walnut Street                                 (410) 243-4589
Philadelphia, PA 19106                            stephenhsachs@gmail.com
215-928-0520
Matthew_Lawry@fd.org

Dated:    September 2, 2020

**CERTIFICATE OF SERVICE**

I, Stephen H. Sachs, hereby certify that on this 2nd day of September, 2020, I

electronically filed the foregoing document using the Court's CM/ECF system. Electronic notice

will be provided to the following individuals:


Sandra Wilkinson                         Sujit Raman
Debra Dwyer                              Office of the United States Attorney
Office of the United States Attorney     6500 Cherrywood Lane, Ste. 400
36 S. Charles St., Fourth Floor          Greenbelt, MD 20770
Baltimore, MD 21201

James Crowell, IV
United States Department of Justice
Executive Office for United States Attorneys
950 Pennsylvania Ave., NE, Room 2443
Washington, DC 20530


                                         /s/ Stephen H. Sachs
                                         Stephen H. Sachs