LAW OFFICES

# SULLIVAN & SULLIVAN

7305 BALTIMORE AVENUE, SUITE 301

COLLEGE PARK, MARYLAND 20740

CHARLES JOSEPH SULLIVAN, JR.
TIMOTHY JOSEPH SULLIVAN*

*ALSO ADMITTED IN D.C.

TELEPHONE
(301) 927-3035

FACSIMILE
(301) 927-0539

November 30, 2000

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
United States Attorney's Office
United States Courthouse, Suite 400
6500 Cherrywood Lane
Greenbelt, Maryland  20770

**RE:   United States v. Dustin John Higgs**
**Criminal Number PJM-98-0520**

Dear Ms. Johnston and Ms. Wilkinson:

We have now had the opportunity to review the government's proposed judgment and commitment which was provided to us on November 13, 2000.

Please note our objections to the government's proposed judgment and commitment:

It is Mr. Higgs' position that the government's proposed judgment and commitment far exceeds that which is required under Rule 32(d)(1) of the Federal Rules of Criminal Procedure which provides "[a] judgment of conviction must set forth the plea, the verdict of findings, the adjudication, and the sentence." Mr. Higgs' position is also supported by the language contained in 18 U.S.C. §3592(a), where Congress has provided that in death penalty cases "[a] person who has been sentence to death pursuant to this chapter be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence."

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
November 30, 2000
Page Two


The government's proposed judgment and commitment merely parrots 28 CFR Part 26 which, as you know, are the administrative regulations of the Department of Justice ("DOJ"). While it is recognized that the DOJ regulations mandate that the United States Attorney's Office submit such a proposed judgment, that fact alone does not alleviate the significant legal issues associated with the proposed judgment and commitment and should in no way be construed to require the Court lacks discretion in preparing its own judgment and commitment.

Mr. Higgs will certainly timely note an appeal to the United States Court of Appeals for the Fourth Circuit after the hearing on December 15, 2000. As such, any proposed judgment and commitment which sets forth an execution date is entirely premature. This position is also supported by the plain reading of 18 U.S.C. §3596(a). Under the circumstances, there is simply not a legal or practical need to set forth an execution date given the pendency of Mr. Higgs' constitutional exercise of his rights to direct appeal the conviction and the imposition of a sentence of death. See 18 U.S.C. §3595. Similarly, it is also certainly not ripe for any judgment and commitment to contain items such as all of the execution process details. It seems to be a meaningless exercise of time, effort, and judicial economy for the Court to set a date of execution ("no sooner than 60 days from the entry of the judgment of death") when it is unlikely that the trial and sentencing phase transcripts will be completed by the court reporter and there will likely not even be a briefing schedule established by the Fourth Circuit.

Deborah A. Johnston
Sandra L. Wilkinson
Assistant United States Attorneys
November 30, 2000
Page Three


        It is also Mr. Higgs' position that there are colorable Constitutional deficiencies with the government's proposed judgment and commitment. There are due process and separation of powers violations apparent by permitting the United States Department of Justice - an Executive Branch agency - as opposed to the United States District Court - the Judicial Branch - to set an execution date.

        There is no practical or legal impediment for Judge Messitte to simply comply with Rule 32(d)(1), 18 U.S.C. §3594 "[u]pon a recommendation under section 3593(e) that the defendant should be sentence to death...the court shall sentence the defendant accordingly") and 18 U.S.C. §3596(a) ("person who has been sentence to death pursuant to this chapter shall be committed to the custody of the Attorney general until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." A judgment and commitment, consistent with the sentencing procedures used in this district, is appropriate in this case.

        If you have any questions, please do not hesitate to contact me at your earliest convenience.

                        Very truly yours,

                        Timothy J. Sullivan


TJS:mn
cc:  Court file
     Harry J. Trainor, Jr., Esq.