## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases, | ) ) ) ) | |
| LEAD CASE: *Roane et al. v. Barr* | ) ) | Case No. 19-mc-145 (TSC) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| *All Cases* | ) ) | |

### DEFENDANTS' NOTICE IN RESPONSE TO COURT ORDER

Defendants respectfully respond to this Court's Minute Order of September 14, 2020, requiring Defendants to state whether they "are prepared to deviate from the procedures of the 2019 Execution Protocol to accommodate [the following] statutes": "S.C. Code Section 24-3-530(A); VA Code Ann. Section 53.1-234; Mo. Rev. Stat. Section 546.720.1; Ga. Code Section 17-10-41; Ark. Code Sections 5-4-617(d), (f); and Tex. Code of Crim. Proc. Art. 43.14(a)," which Plaintiffs "contended conflict with the Bureau of Prisons' 2019 Execution Protocol." The Court further instructed that "[i]f Defendants have not determined whether they will comply with a given statute, they shall so indicate."

As a threshold matter, there does not appear to be any live claim that presents the questions posed by this Court's Minute Order. To the extent the Court's Minute Order relates to Plaintiffs' claim under Count V of the Amended Complaint that the BOP Protocol purportedly violates the Federal Death Penalty Act ("FDPA"), *see* Am. Compl. ¶¶ 144-49, the D.C. Circuit has already directed that judgment be entered for Defendants on this claim and issued its mandate to this Court, *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 108 (D.C. Cir. 2020) (per curiam); *see also* ECF No. 156 (mandate). This Court is bound by that mandate.

1

Moreover, the question whether the government must comply with a particular provision of a state statute only arises if the FDPA requires compliance with that provision. As the government recently explained in its opposition to Plaintiff William LeCroy's motion for a preliminary injunction, the FDPA as interpreted by the D.C. Circuit requires Defendants to comply with only those state statutory provisions governing the *procedures for effectuating death*. *See* Defs.' Consolidated Opp'n to LeCroy's Mot. for A PI & An Expedited Hearing at 16–17, ECF No. 242 (citing *Peterson v. Barr*, 965 F.3d 549, 554 (7th Cir. 2020), *United States v. Mitchell*, No. 20-9909, 2020 WL 4815961 (9th Cir. Aug. 19, 2020) (per curiam), and *Execution Protocol Cases*, 955 F.3d at 151 (Tatel, J., dissenting)). It is questionable at best that the cited provision of Georgia law requiring the presence of two physicians is such a procedure, but the government has nevertheless explained that it plans to comply with that provision. *See* ECF No. 242 at 17. The cited provision of Texas law concerning the time of execution does not involve procedures for effectuating death and therefore need not be followed by the federal government under the FDPA. But the government will consider, and may choose to accommodate, the request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m.

As for the cited provisions of Arkansas and Missouri law, the government is not aware of any conflict between those provisions and the federal protocol. Accordingly, the government intends to comply with those provisions, wholly apart from whether they are binding under the D.C. Circuit's decision in *Execution Protocol Cases*.

Finally, the cited provisions of South Carolina and Virginia law specify the method of execution and therefore must be followed by the federal government under the FDPA. Defendants accordingly represent that they intend to comply with those portions of the South Carolina and Virginia statutes for any federal conviction in those states subject to the FDPA.

The government expands on these responses below:

1. To the extent the Court's Minute Order relates to Plaintiffs' claim under Count V of the Amended Complaint that the BOP Protocol purportedly violates the FDPA, *see* Am. Compl. ¶¶ 144-49, the D.C. Circuit has already directed that judgment be entered for Defendants on this

claim and issued its mandate to this Court. *Execution Protocol Cases*, 955 F.3d at 108 (per curiam); *see also* ECF No. 156 (mandate). The Court is bound by that mandate. *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 596-97 (D.C. Cir. 2001) ("Under the mandate rule," a "more powerful version of the law-of-the-case doctrine," "'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'") (citation omitted). Accordingly, this Court must enter judgment for Defendants as to Count V. And that is especially clear as to those Plaintiffs who were sentenced in Arkansas, Missouri, and Texas, the laws of which states were specifically examined by the D.C. Circuit when it held that "judgment for the government must be entered on [the FDPA] claim." *Execution Protocol Cases*, 955 F.3d at 108 (per curiam).[1]

2.      Tex. Code of Crim. Proc. Art. 43.14(a) states that "[w]henever the sentence of death is pronounced against a convict, the sentence shall be executed at any time after the hour of 6 p.m. on the day set for the execution, by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death and until such convict is dead . . . ." The FDPA does not require Defendants to comply with this provision's timing requirement because that requirement is not a "death-effectuating" provision. *Cf.* ECF No. 242 at 16–17. In any event, the timing requirement presents no conflict with the Protocol because the Protocol does not specify the time when the execution must be implemented on the scheduled execution date. As a matter of administrative

---

[1] Plaintiffs have not cross moved for summary judgment on their FDPA claim. To the extent the Court of Appeals has not already mooted the claim by directing entry of judgment in Defendants' favor, there certainly is no warrant to enter an injunction against Defendants since Plaintiffs have neither asked for relief on that ground nor, at a minimum, "suppl[ied] a sufficient basis for finding that [they] will be irreparably harmed by the government's [future] violation of the [FDPA]," Order, ECF No. 226 at 2, among other prerequisites for issuance of a permanent injunction. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). As this Court recognized recently, to show irreparable injury, Plaintiffs must meet a "very high bar," Order, ECF No. 226 at 2 (citation omitted), because "[t]he injury must be "both certain and great" and "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm," *id.* (quoting *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985). In the absence of such a showing in the record, any permanent injunction on this basis would be improper.

3

grace, BOP will consider, and may choose to accommodate, the request of any Plaintiff sentenced by a federal court in Texas who wishes to have an execution scheduled for after 6 p.m.

3. As for the provisions of Arkansas and Missouri law identified by this Court, Defendants do not believe that there are any conflicts with the Protocol. The government accordingly intends to comply with those provisions wholly apart from the D.C. Circuit's decision in *Execution Protocol Cases*.

**Arkansas**: Ark. Code § 5-4-617(d) states that the drug used to carry out the lethal injection "shall be (1) [a]pproved by the United States Food and Drug Administration and made by a manufacturer approved by the United States Food and Drug Administration; (2) [o]btained from a facility registered with the United States Food and Drug Administration; *or* (3) [o]btained from a compounding pharmacy that has been accredited by a national organization that accredits compounding pharmacies." (emphasis added). As noted in Defendants' motion for summary judgment, the pharmacy that produces the compounded injectable pentobarbital solution for federal executions is registered with the FDA pursuant to Section 503B of the FDCA, 21 U.S.C. § 353b. AR 1084; Decl. of Raul Campos, ¶ 3 (Nov. 12, 2019), ECF No. 36–1. Accordingly, there is no conflict here and the government has complied (and will comply) with this provision.

In addition, Ark. Code § 5-4-617(f) states that "[c]atheters, sterile intravenous solution, and other equipment used for the intravenous injection of the drug or drugs set forth in subsection (c) of this section shall be sterilized and prepared in a manner that is safe and commonly performed in connection with the intravenous administration of drugs of that type." Although the Protocol does not explicitly set forth these common-sense details, there is no conflict with that state statutory requirement, which BOP will comply with under the Protocol, as has been its practice.

**Missouri:** Mo. Rev. Stat. § 546.720.1 states in pertinent part that "[t]he manner of inflicting the punishment of death shall be by the administration of lethal gas *or* by means of the administration of lethal injection." (emphasis added). There is no conflict between this statute and the Protocol, which allows for the administration of lethal injection. That is especially clear because Missouri's practice under that statute, while irrelevant even under Judge Rao's controlling

4

decision in *Execution Protocol Cases*, is to use lethal injection.  *See Bucklew v. Precythe*, 883 F.3d 1087, 1094 (8th Cir. 2018), *aff'd*, 139 S. Ct. 1112 (2019) ("Missouri has not used [lethal gas] since 1965 and does not currently have a protocol in place for execution by lethal gas.").

4.      Finally, the South Carolina and Virginia statutes identified by the Court provide that condemned inmates may choose between lethal injection and electrocution, and if they do not do so before a certain number of days prior to the scheduled execution, the manner of execution shall be lethal injection.  *See* S.C. Code § 24-3-530(A) and Va. Code Ann. § 53.1-234.  As those provisions are incorporated by the FDPA even on the government's interpretation of the statute, the government will not execute any plaintiff whose sentence was issued in federal court in Virginia or South Carolina and is subject to the FDPA (*see* 18 U.S.C. §§ 3591, 3596) without complying with those provisions of S.C. Code § 24-3-530(A) or Va. Code Ann. § 53.1-234.[2]

---

[2] The relevant federal regulation currently does not authorize execution by electrocution unless required by a court order.  *See* 28 C.F.R. § 26.3(a)(4).  But as the government indicated in its Notice of Proposed Rulemaking on the Manner of Federal Execution, the government has proposed to amend the regulation so that federal executions may be carried out by lethal injection or by any other manner prescribed by the law of the State in which the sentence was imposed or which has been designated by a court in accordance with 18 U.S.C. § 3596(a).  *See* 85 Fed. Reg. 47324 (Aug. 5, 2020).  If that change becomes part of a final rule (or a court order otherwise requires the use of electrocution for federal inmates sentenced in Virginia or South Carolina who have selected that method), there will be no legal impediment to implementing an inmate's choice of electrocution.

Dated:  September 15, 2020


Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
Civil Chief, U.S. Attorney's Office

ALAN BURCH (D.C. Bar 470655)
Assistant United States Attorney
U.S. Attorney's Office
for the District of Columbia
Washington, D.C. 20530
202-252-2550
alan.burch@usdoj.gov

SCOTT G. STEWART
Deputy Assistant Attorney General

PAUL R. PERKINS
Special Counsel

 /s/*Jean Lin*
JEAN LIN (NY Bar 4074530)
Special Litigation Counsel
JONATHAN KOSSAK (D.C. Bar 991478)
CRISTEN C. HANDLEY (MO Bar 69114)
BRADLEY P. HUMPHREYS (D.C. Bar 988057)
Trial Attorneys
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 514-3716
Jean.lin@usdoj.gov
Jonathan.kossak@usdoj.gov
Cristen.handley@usdoj.gov
Bradley.humphreys@usdoj.gov


*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I caused a true and correct copy of

foregoing to be served on all following counsel of record via the Court's CM/ECF system.

Joshua C. Toll (D.C. Bar No. 463073)
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 737-8616
jtoll@kslaw.com

Margaret O'Donnell
P.O. Box 4815
Frankfort, KY 40604
(502) 320-1837
mod@dcr.net

*Counsel for Plaintiff Anthony Battle*


Ginger D. Anders (D.C. Bar No. 494471)
Jonathan S. Meltzer (D.C. Bar No. 888166546)
Brendan Gants (D.C. Bar No. 1031419)
Munger, Tolles & Olson LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
(202) 220-1100
ginger.anders@mto.com

*Counsel for Plaintiff Brandon Bernard*


Alex Kursman, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org

*Counsel for Plaintiff Alfred Bourgeois*


Joseph Luby, Assistant Federal Defender
Federal Community Defender Office, E.D. Pa.
 601 Walnut Street, Suite 545 West
Philadelphia, PA 19106

Telephone - 215-928-0520
Email – joseph_luby@fd.org

*Counsel for Plaintiff Chadrick Fulks*


Amy Lentz (DC Bar No. 990095)
Steptoe & Johnson, LLP
1300 Connecticut Avenue NW
Washington, DC 20036
202.429.1320
alentz@stepoe.com

*Counsel for Plaintiff Orlando Hall*


Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Higgs*

Scott W. Braden (Ark. Bar Number 2007123)
Assistant Federal Defender
Arkansas Federal Defender Office
Ark Bar Number 2007123
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
(501) 324-6114
Scott_Braden@fd.org

Jennifer Ying (DE #5550)
Andrew Moshos (DE #6685)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, Delaware 19801
(302) 658-9300
jying@mnat.com
amoshos@mnat.com


*Counsel for Plaintiff Norris G. Holder, Jr.*


Jon Jeffress
KaiserDillon PLLC

1099 14th Street NW
8th Floor West
Washington, DC 20005
(202) 640-2850
jjeffress@kaiserdillon.com

Timothy Kane, Assistant Federal Defender
Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
215-928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

*Counsel for Plaintiff Dustin Lee Honken*

Donald P. Salzman (D.C. Bar No. 479775)
Charles F. Walker (D.C. Bar No. 427025)
Steven M. Albertson (D.C. Bar No. 496249)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7983
donald.salzman@skadden.com

*Counsel for Plaintiff Corey Johnson*

Gregory S. Smith
913 East Capital Street, SE
Washington, D.C. 20003
(202) 460-3381
(877) 809-9113 (fax)
gregsmithlaw@verizon.net

*Counsel for Plaintiff William Emmet LeCroy*

David S. Victorson
Hogan Lovells US LLP
Columbia Square
555 13th Street NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)
david.victorson@hoganlovells.com

Pieter Van Tol (admitted *pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
(212) 918-3000
(212) 918-3100 (fax)
pieter.vantol@hoganlovells.com

*Counsel for Plaintiff Daniel Lewis Lee*

Dale A. Baich (pro hac vice)
Jennifer M. Moreno
Federal Public Defender
District of Arizona
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
602-382-2816
602-889-3960 (fax)
dale_baich@fd.org
jennifer_moreno@fd.org

*Counsel for Plaintiff Keith Nelson*

Shawn Nolan, Chief, Capital Habeas Unit
Federal Community Defender Office, E.D. Pa.
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
timothy_kane@fd.org
shawn_nolan@fd.org

Gary E. Proctor
Law Offices of Gary E. Proctor, LLC
8 East Mulberry Street
Baltimore, MD 21202
(410) 444-1500
(443) 836-9162 (fax)
garyeproctor@gmail.com

*Counsel for Plaintiff Jeffrey Paul*

Alan E. Schoenfeld (admitted *pro hac vice*)
Ryan M. Chabot (admitted *pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8880

Alan.Schoenfeld@WilmerHale.com
Ryan.Chabot@WilmerHale.com


Andres C. Salinas (DC Bar No. 156118)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6289
Andres.Salinas@WilmerHale.com

*Counsel for Wesley I. Purkey*

Paul F. Enzinna (D.C. Bar No. 421819)
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
(202)753-5553
penzinna@ellermanenzinna.com

*Counsel for Plaintiff James H. Roane, Jr.*


Amy Karlin, Interim Federal Public Defender
Celeste Bacchi
Jonathan C. Aminoff
Deputy Federal Public Defenders
321 E. Second Street
Los Angeles, CA 90012
(213) 894-2854
celeste_bacchi@fd.org

*Counsel for Plaintiff Julius O. Robinson*


Gerald W. King, Jr. (Ga. Bar No. 140981)
Jeffrey Lyn Ertel (Ga. Bar No. 249966)
Federal Defender Program, INC.
101 Marietta Street, Suite 1500
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 (fax)
Gerald_King@fd.org
Jeff_Ertel@fd.org

Brandon D. Almond
Troutman Sanders LLP
401 9th Street, NW
Suite 1000

Washington, D.C. 20004
(202) 274-2864
(202) 274-2994
brandon.almond@troutmansanders.com
*Counsel for Richard Tipton, III*

Michael F. Williams
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
(202) 389-5123
(202) 389-5200 (fax)
michael.williams@kirkland.com


*Counsel for Christopher Andre Vialva*


Evan Miller (DC Bar No. 219310)
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, D.C. 20037
(202) 639-6605
(202) 478-1815 (fax)
emiller@velaw.com

*Counsel for Bruce Webster*


　　　　　　　　　　*/s/Jean Lin*　　　　　
　　　　　　　　　Attorney for Defendants