Case 8:98-cr-00520-PJM    Document 414    Filed 01/09/01    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

✓ FILED    1/11/2001
LODGED    RECEIVED

JAN - 9 2001

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. PJM-98-0520 |
| | ) | |
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

## JUDGMENT AND ORDER

The Defendant, Dustin John Higgs, was represented by Harry Trainor, Knight, Manzi, Nussbaum & LaPlaca, 14440 Old Mill Road, Upper Marlboro, Maryland 20772, and Timothy J. Sullivan, Esq., Sullivan & Sullivan, 7305 Baltimore Avenue, Suite 301, College Park, MD 20740-3234.

The Defendant was found guilty on Counts 1-15 by a jury after a plea of not guilty. Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 are offenses punishable by death. Accordingly, the Defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tamika Black | January 27, 1996 | 1 |
| 18 U.S.C. § 1111 | First Degree Murder of Tamika Black Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 2 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tamika Black Which Resulted in Her Death | January 27, 1996 | 4 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Mishann Chinn | January 27, 1996 | 6 |

JAN 8

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1111 | First Degree Murder of Mishann Chinn Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 7 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Mishann Chinn Which Resulted in Her Death | January 27, 1996 | 9 |
| 18 U.S.C. § 1111 | First Degree Premeditated Murder of Tanji Jackson | January 27, 1996 | 11 |
| 18 U.S.C. § 1111 | First Degree Murder of Tanji Jackson Which Occurred During Perpetration or Attempted Perpetration of a Felony (Kidnapping) | January 27, 1996 | 12 |
| 18 U.S.C. § 1201(a)(2) | Kidnapping of Tanji Jackson Which Resulted in Her Death | January 27, 1996 | 14 |

As pronounced on October 26, 2000, the Defendant is sentenced as provided on pages 3-6 of this judgment as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14. The judgment as to Counts 5, 10 and 15 will be entered in a separate order. The sentence as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14 is also imposed pursuant to Title 18, United States Code, Sections 3591 through 3597, including particularly Sections 3594 and 3596.

It is ordered that the Defendant shall pay to the United States a special assessment of $~~100.00~~ $50.⁰⁰ for Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, which shall be due immediately. The special assessment as to Counts 5, 10 and 15 will be assessed in a separate order.

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 3 of 7
Case Number: PJM-98-0520

## SENTENCE

Based upon the Special Findings and Decision of the jury on October 26, 2000, pursuant to the conviction of the defendant, DUSTIN JOHN HIGGS, under Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14, the Court hereby imposes upon the defendant a sentence of death as to Counts 1, 2, 4, 6, 7, 9, 11, 12 and 14.  The Court declines to impose a fine due to the defendant's inability to pay.

The sentence shall be executed by a United States Marshal designated by the Director of the United States Marshals Service.

The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death.

The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons, which date shall be no sooner than 60 days from the entry of the judgment of death.  If the date designated for execution passes by reason of a stay of execution, then a new date shall be designated promptly by the Director of the Federal Bureau of Prisons when the stay is lifted, at a federal penal or correctional institution designated by the Director of the Federal Bureau of Prisons, by a United States Marshal designated by the Director of the United States Marshals Service, assisted by additional personnel selected by the Marshal and the Warden of the designated institution and acting at the direction of the Marshal, and by intravenous injection of a

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 4 of 7
Case Number: PJM-98-0520

lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons and to be administered by qualified personnel selected by the Warden and acting at the direction of the Marshal.   Unless the President interposes, the United States Marshal shall not stay execution of the sentence on the basis that the prisoner has filed a petition for executive clemency.

Except to the extent a court orders otherwise:

(a)   The Warden of the designated institution shall notify the prisoner under sentence of death of the date designated for execution at least 20 days in advance, except when the date follows a postponement of fewer than 20 days of a previously scheduled and noticed date of execution, in which case the Warden shall notify the prisoner as soon as possible.

(b)   Beginning seven days before the designated date of execution, the prisoner shall have access only to his spiritual advisors (not to exceed two), his defense attorneys, members of his family, and the officers and employees of the institution.   Upon approval of the Director of the Federal Bureau of Prisons, the Warden may grant access to such other proper persons as the prisoner may request.

(c)   In addition to the Marshal and the Warden, the following persons shall be present at the execution:

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 5 of 7
Case Number: PJM-98-0520

(1)    Necessary personnel selected by the Marshal and Warden;

(2)    Those attorneys of the Department of Justice whom the Deputy Attorney General determines are necessary;

(3)    Not more than the following numbers of persons selected by the prisoner:

    (i)    one spiritual advisor;

    (ii)    two defense attorneys;

    (iii) three adult friends or relatives; and

(4)    Not more than the following numbers of persons selected by the Warden:

    (i)    eight citizens; and

    (ii)    ten representatives of the press.

(d)    No other person shall be present at the execution, unless leave for such person's present is granted by the Director of the Federal Bureau of Prisons.  No person younger than 18 years of age shall witness the execution.

(e)    The Warden should notify those individuals described in paragraph (c) of this section as soon as practicable before the designated time of the execution.

(f)    No photographic or other visual or audio recording of the execution shall be permitted.

(g)    After the execution has been carried out, qualified personnel selected by the Warden shall conduct an examination of the body of the prisoner to determine that death has occurred and

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 6 of 7
Case Number: PJM-98-0520

shall inform the Marshal and Warden of his determination.  Upon notification of prisoner's death, the Marshal shall complete and sign the Return hereunder or any similar document and shall file such document with the sentencing court.

(h)  The remains of the prisoner shall be disposed of according to procedures established by the Director of the Federal Bureau of Prisons.

No officer or employee of the Department of Justice shall be required to be in attendance at or to participate in any execution if such attendance or participation is contrary to the moral or religious convictions of the officer or employee, or if the employee is a medical professional who considers such participation or attendance contrary to medical ethics.  For purposes of this section, the term "participation" includes personal preparation of the condemned individual and the apparatus used for execution and supervision of the activities of other personnel in carrying out such activities.

The defendant, DUSTIN JOHN HIGGS, is hereby committed to the custody of the Attorney General or her authorized representative for appropriate detention pending exhaustion of the procedures for appeal of the judgement of conviction and for review of the sentence, and pending execution of this sentence.

Signed this _3_ day of _January_, 2006.

_____
Peter J. Messitte
United States District Judge

Defendant: DUSTIN JOHN HIGGS                    Judgment - Page 7 of 7
Case Number: PJM-98-0520


## RETURN

I have executed this Judgment as follows:

_____
_____
_____

_____ Defendant delivered on _16 January 2021_ to _District of Maryland_
at _____,
with a certified copy of this judgment.

_____
United States Marshal

By: _____
        Deputy Marshal


I hereby inform this Honorable Court that the sentence of death imposed herein has been executed.


Date: _____        _____
                                     DESIGNATED UNITED STATES MARSHAL